[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12008
Non-Argument Calendar
_____

D. C. Docket No. 05-01496-CV-RWS-1

DARNELL STANISLAUS,

Plaintiff-Appellant,

versus

EMORY UNIVERSITY,
DR. JAMES W. WAGNER, in his
official capacity as President of
Emory University,
DR. JOHN FORD,
MARK LARSON,
ANDREW WILSON,
FRANK GAERTNER, in their official
capacities as employees of Emory University,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 21, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

In this race discrimination suit, Plaintiff Darnell Stanislaus appeals from the district court's grant of summary judgment to Defendants Emory University and five school officials on Plaintiff's claims under 42 U.S.C. § 1981 and state common law. The Plaintiff, an African American and former Emory student, claims that the school racially discriminated against him when it suspended him for one year following a fight in which the Plaintiff punched another student twice in the face. The district court granted summary judgment for the Defendants, finding that the Plaintiff failed to carry his burden to produce evidence from which a reasonable finder of fact could conclude that the Defendants' proffered nondiscriminatory reasons for suspending the Plaintiff were pretexts for racial discrimination. After thorough review, we affirm.

We review the district court's grant of summary judgment de novo, taking the facts in the light most favorable to the Plaintiff, the non-moving party in the district court. See Kinnon v. Arcoub, Gopman & Assocs., Inc., 490 F.3d 886, 890 (11th Cir. 2007). On the evening of February 25, 2005, the Plaintiff, who was the President of the Beta Theta Pi fraternity, attended a private party at the fraternity house for fraternity members and their dates. At about 11:40 PM, Sean Spencer, a white Emory student who was not a member of Beta Theta Pi, entered the

fraternity house. The Plaintiff approached Spencer, identified himself as fraternity President, and asked Spencer to leave the party. Spencer refused. The Plaintiff and one or two other fraternity members then "escorted" Spencer outside, where a fight broke out. Spencer shoved the Plaintiff and "made a move towards [him] as though he was going to try to attack" the Plaintiff. The Plaintiff then punched Spencer in the face. Another fraternity member told Spencer to leave, but Spencer "came at [the Plaintiff] again." The Plaintiff punched Spencer in the face a second time, whereupon Spencer left the premises. The fight left Spencer with a broken nose, a fractured eye socket, four broken teeth, a displaced jaw, and a torn ear duct. The Plaintiff was uninjured.

Emory University conducted a disciplinary investigation of the incident to determine whether the Plaintiff violated the school's Code of Conduct (the "Code"), which prohibits "causing physical harm to any person, or causing reasonable apprehension of such harm." The investigation lasted several months, and in May 2005 the school ultimately concluded that the Plaintiff violated the Code and suspended him for one year, delaying his graduation until May 2006. In June 2005, the Plaintiff sued Emory University and five school officials alleging that the school's disciplinary action against him was racially discriminatory in violation of 42 U.S.C. § 1981. The Plaintiff also brought state-law claims for

negligence and negligent training and supervision. The Defendants moved for summary judgment on all claims, which the district court granted on March 30, 2007. The Plaintiff appealed.

When, as here, a claim of racial discrimination under 42 U.S.C. § 1981[1] is based solely on circumstantial evidence, we apply the familiar burden-shifting framework established for Title VII claims in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and in Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc); see also Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 843 n.11 (11th Cir. 2000) ("The elements of a claim of race discrimination under 42 U.S.C. § 1981 are also the same as a Title VII disparate treatment claim."). Under that framework, the plaintiff first must establish a prima facie case of racial discrimination. Second, if the plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for the challenged conduct. Finally, if the defendant carries this burden of production, the plaintiff must then prove that the legitimate reasons proffered by the defendant are a pretext for racial discrimination. See Chapman, 229 F.3d at 1024-25. A plaintiff

---

[1] In relevant part, 42 U.S.C. § 1981(a) provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ."

can demonstrate pretext "either directly by persuading the court that a discriminatory reason more likely motivated the [defendant] or indirectly by showing that the [defendant's] proffered explanation is unworthy of credence." Combs v. Plantation Patterns, Meadowcraft, Inc., 106 F.3d 1519, 1528 (11th Cir. 1997) (quoting Burdine, 450 U.S. at 256). "If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant['s] . . . articulated reasons is pretextual, the [defendant] is entitled to summary judgment on the plaintiff's claim." Chapman, 229 F.3d at 1024-25.

Here, the resolution of this appeal turns on whether the Plaintiff proffered sufficient evidence to survive summary judgment on the issue of pretext. In the district court, the Defendants conceded that the Plaintiff had established a prima facie case of racial discrimination and proffered two nondiscriminatory reasons for suspending the Plaintiff for one year: (1) that the school has an interest in disciplining students who violate the school's Code of Conduct by behaving violently towards and causing injury to other students, and (2) the school has an interest in disciplining students who do not take responsibility for their actions under the Code. The district court then considered whether the Plaintiff carried his burden of providing sufficient evidence to create a genuine issue of material fact

5

regarding whether the Defendants' two nondiscriminatory reasons were pretexts for racial discrimination. The court concluded that the Plaintiff failed to carry his burden on this issue and granted the Defendants' motion for summary judgment.

On appeal, the Plaintiff argues that he provided sufficient evidence to create a genuine issue of material fact on the issue of pretext. We are unpersuaded. His arguments raise immaterial issues and depend on tortured inferences or nonexistent evidence. The vast majority of his appellate brief is devoted to arguing that he acted in self defense when he punched Spencer twice. Even if true, that does not undermine the school's asserted interest in disciplining those who act violently towards other students under any set of circumstances. The prohibition on causing physical harm in the school's Code of Conduct contains no exception for self defense, and the Plaintiff points to no non-minority students who were sanctioned less harshly than the Plaintiff for physically harming another student in self defense. See Burke-Fowler v. Orange County, 447 F.3d 1319 (11th Cir. 2006) ("When a claim alleges discriminatory discipline, to determine whether [other students] are similarly situated, we evaluate whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." (quotation marks omitted)). In fact, the Plaintiff's general assertion that the school has treated similarly situated non-minority students differently is wholly

unsubstantiated by the record.

In sum, the Plaintiff has not shown "that a discriminatory reason more likely motivated the [defendant]" or "that the [defendant's] proffered explanation is unworthy of credence," see Combs, 106 F.3d at 1528, and therefore the Plaintiff has not established a genuine issue of material fact on the issue of pretext. Accordingly, we affirm the district court's grant of summary judgment on the Plaintiff's section 1981 claim.

As for the Plaintiff's state-law claims, the district court identified several reasons why these claims fail as a matter of law, and the Plaintiff points us to no contrary authority. Accordingly, we affirm the district court's grant of summary judgment on these claims as well.[2]

AFFIRMED.

---

[2] The Plaintiff also appeals the district court's denial of his request for leave to depose a member of Emory University's Appeal Board who was involved in the disciplinary proceedings. The district court's decision is reviewed for abuse of discretion "[b]ecause the control of discovery is committed to the sound discretion of the trial court." Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1322 (11th Cir. 2004). Because the district court did not abuse its discretion, we affirm.